1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

JEFFREY HILL, individually and on behalf of
all others similarly situated,

11

Plaintiff,

12

v.

13

SPIRIT HALLOWEEN SUPERSTORES LLC, a
foreign limited liability company; and DOES 1-
20, as yet unknown Washington entities,

14
15

Defendant.

16

No.

**NOTICE OF REMOVAL OF ACTION TO
THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF WASHINGTON PURSUANT TO 28
U.S.C. §§ 1332, 1441, 1446, and 1453
(CAFA)**

**(from King County Superior Court, Case
No. 24-2-20131-9 SEA)**

17
18
19
20
21

        PLEASE TAKE NOTICE that Defendant Spirit Halloween Superstores, LLC
("Defendant" or "Spirit Halloween") hereby invokes this Court's jurisdiction under the provisions
of 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, and removes the above-entitled action to this Court
from the Superior Court of the State of Washington for the County of King based on the Class
Action Fairness Act of 2005 ("CAFA"). In support thereof, Defendant asserts the following:

22
23
24
25
26
27
28

        1.      On September 5, 2024, Plaintiff Jeffrey Hill ("Plaintiff") filed a Class Action
Complaint for Discrimination (the "Complaint") against Defendant in the Superior Court of the
State of Washington for the County of King. *See* Declaration of Peter Nohle ("Nohle Decl.") at ¶
3 and **Ex. A**. The Complaint was entitled *Jeffrey Hill, individually and on behalf of all others
similarly situated, Plaintiff v. Spirit Halloween Superstores, LLC; a foreign limited liability
company; and Does 1-20, as yet unknown Washington entities, Defendant*, Case No. 24-2-20131-

9 SEA, and set forth a cause of action against Defendant alleging violations of the job posting requirements of Washington's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110. *See* Nohle Decl., **Ex. A**.

2.      As stated therein, the Complaint is brought as a putative class action pursuant to Rule 23 of the Superior Court Civil Rules for the State of Washington on behalf of Plaintiff Jeffrey Hill and a putative class defined as "all individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Spirit Halloween Superstores, LLC, where the job posting did not disclose a wage scale of salary range." *See* Nohle Decl., **Ex. A** at ¶ 40.

3.      In addition to the Complaint, Plaintiff also filed a Case Information Cover Sheet on September 5, 2024. *See* Nohle Decl. at ¶ 5 and **Ex. C**. That same day, the clerk issued its Order Setting Civil Case Schedule. *See* Nohle Decl. at 4 and **Ex. B**.

4.      As set forth in the Affidavit and Certificate of Service that Plaintiff filed on September 19, 2024, Defendant first received Plaintiff's Summons, Complaint, and Order Setting Civil Case Schedule when it was served on September 9, 2024. *See* Nohle Decl. at ¶ 7 and **Ex. E**.

5.      As of the date of this Notice of Removal, the pleadings on file in the Superior Court are limited to: (1) the Class Action Complaint for Damages and Injunctive Relief; (2) the Order Setting Civil Case Schedule; (3) the Case Information Cover Sheet; (4) the Summons; and (5) the Affidavit and Certificate of Service. *See* Nohle Decl. at ¶ 9 and **Exs. A – E**.

## TIMELINESS OF REMOVAL

6.      This Notice of Removal has been filed within thirty (30) days after Defendant was first served with a copy of Plaintiff's Summons and Complaint on September 9, 2024. *See* Nohle Decl. at ¶ 10 and **Ex. E**. Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b). *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) ("[T]he defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received.")

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE TO ALL PARTIES AND STATE COURT

7.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court.  Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

## VENUE IS PROPER

8.      This action was filed in the Superior Court in and for the County of King at Seattle. Thus, venue of this action properly lies in the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. 1391, providing that an action may be venued in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred or where the defendant resides.  *See* Nohle Decl., **Ex. A** at ¶ 13 (". . . the acts and omissions alleged [in the Complaint] took place, in whole or in part, in King County, Washington, and Defendant resides and transacts business in King County, Washington.").

## REMOVAL BASED ON CLASS ACTION FAIRNESS ACT

9.      Removal of this action is proper under CAFA, 28 U.S.C. §§ 1332 *et seq.* Section 4 of CAFA, 28 U.S.C. § 1332(d)(2), has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

10.     In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary Defendants are not States, State officials, or other governmental entities.  28 U.S.C. § 1332(d)(5).

11.     As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil action filed as a class action involving, based on the allegations in the Complaint, more than 100 members, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interests and costs, and Plaintiff is a citizen of a state

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1    different from at least one Defendant.  *See* 28 U.S.C. §§ 1332(d) and 1453.  Furthermore,

2    Defendant is not a State, State official, or other governmental entity.

3        **A.  The Putative Class Contains More Than 100 Members.**

4        12.    CAFA provides that the district courts shall not have jurisdiction over class actions

5    where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

6    28 U.S.C. § 1332(d)(5).

7        13.    Here, the Complaint alleges: "Plaintiff brings this case as a class action against

8    Defendant on behalf of . . . all individuals who, from January 1, 2023 through the date notice is

9    provided to the Class, applied for a job opening in the State of Washington with Spirit Halloween

10   Superstores, LLC, where the job posting did not disclose a wage scale of salary range."  *See* Nohle

11   Decl., **Ex. A** at ¶ 40.

12       14.    Based on Defendant's records, at least one thousand individuals have applied for

13   Defendant's job openings since the start of the proposed class period.  *See* Declaration of Jeffrey

14   Fazi ("Fazi Decl.") at ¶7.

15       15.    Accordingly, the numerosity requirement for jurisdiction under CAFA is easily

16   satisfied based on the number of applicants who have applied for Defendant's job openings since

17   the start of the proposed class period.

18       **B.  The Named Defendant is not a Government Entity.**

19       16.    Defendant Spirit Halloween is not a State, State official, or any other governmental

20   entity.  *See* Fazi Decl. at ¶6.

21       **C.  Minimal Diversity is Satisfied Under CAFA.**

22       17.    The standard for establishing diversity of citizenship under CAFA is different than

23   diversity jurisdiction under 28 U.S.C. 1332(a)-(c).  CAFA's diversity requirement is satisfied when

24   there is minimal diversity, *i.e.*, when "any member of a class of plaintiffs is a citizen of a State

25   different from any defendant."  28 U.S.C. § 1332(d)(2)(A); *see Snyder v. Harris*, 394 U.S. 332,

26   340 (1969); *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019).

27

28

NOTICE OF REMOVAL - 4
(Case No. )

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1    18.    Citizenship of the parties is determined by their citizenship status at the action's

2  commencement.  *See Mann v. City of Tucson*, 782 F.2d 790 (9th Cir. 1986).

3    19.    For individuals, citizenship is determined by a person's domicile.  *Lew v. Moss*,

4  797 F.2d 747, 749 (9th Cir. 1986).  "A person's domicile is her permanent home, where she resides

5  with the intention to remain or to which she intends to return."  *Kanter v. Warner-Lambert Co.*,

6  265 F.3d 853, 857 (9th Cir. 2001).  While residence and citizenship are not the same, a person's

7  place of residence is prima facie evidence of his or her citizenship.  *State Farm Mut. Auto. Ins. Co.*

8  *v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of

9  residency "created a presumption of continuing residence in [state] and put the burden of coming

10  forward with contrary evidence on the party seeking to prove otherwise").  Furthermore, a person's

11  intention to remain may be established by his or her place of employment.  *Youn Kyung Park v.*

12  *Holder*, 572 F.3d 619, 625 (9th Cir. 2009).

13    20.    Defendant is informed and believes that Plaintiff was, at the time this action was

14  commenced, and still is, a resident and citizen of the State of Washington.  *See* Nohle Decl., **Ex.**

15  **A** at ¶ 15 ("Plaintiff Jeffrey Hill resides in Skagit County, Washington and applied for a position

16  with Defendant in the State of Washington.").  Accordingly, Plaintiff is a citizen of the State of

17  Washington for purposes of removal under CAFA.

18    21.    For purposes of removal under CAFA, a corporation is a citizen of any state where

19  it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).

20    22.    With respect to ascertaining a corporation's principal place of business, the United

21  States Supreme Court has adopted the "nerve center test."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-

22  81 (2010).  Under the nerve center test, a corporation's principal place of business is where a

23  corporation's high-level officers direct, control, and coordinate the corporation's activities.  *Id.* A

24  corporation can only have one "nerve center."  *Id.* at 93-94.  In evaluating where a corporation's

25  "nerve center" is located, courts will look to the center of overall direction, control, and

26  coordination of the company and will no longer weight corporate functions, assets, or revenues in

27  each state.

28

NOTICE OF REMOVAL - 5
(Case No. )

23.     Spirit Halloween was, at the time Plaintiff filed the Complaint, and presently is an entity organized under the laws of the State of Delaware.  *See* Fazi Decl. at ¶5.  At all relevant times, Spirit Halloween's principal place of business and headquarters have been located in the State of New Jersey.  *Id.*  Spirit Halloween's executive and administrative operations are centrally managed from its headquarters in Egg Harbor Township, New Jersey.  *Id.*  The executive officers of Spirit Halloween maintain their offices at Spirit Halloween's New Jersey headquarters.  *Id.* From its New Jersey headquarters, Spirit Halloween also makes and implements company-wide operating, distribution, financial, employee relations, marketing, development, customer care, accounting, income tax, treasury, and legal policy decisions.  *Id*.  Accordingly, for purposes of removal under CAFA, Spirit Halloween is a citizen of the States of Delaware and New Jersey but is not a citizen of the State of Washington.

24.     Given the above, minimal diversity exists under CAFA because at least one member of the putative class (Plaintiff) was, at the time this action was commenced—and is still believed to be—a citizen of the State of Washington, while Defendant Spirit Halloween was—and still is—a citizen of the States of Delaware and Ner Jersey.  28 U.S.C. § 1332(d)(2).

**D.     The Amount In Controversy Exceeds $5,000,000 Based On A Plausible Reading of the Allegations of the Complaint.[1]**

25.     Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(6).  Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Sen. Jud. Comm. Rep., S. REP. 109-14, at 42.  Moreover, any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of

---

[1] Defendant denies each and every allegation set forth by Plaintiff in the Complaint and denies that Plaintiff or putative class members are entitled to any damages (whether statutory, actual, or otherwise), injunctive relief, declaratory relief, attorneys' fees, or any other relief.  Defendant also denies that this action can proceed as a class action. Notwithstanding the above, removal of this action is proper given that removal is based on the allegations asserted in the Complaint.

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1   federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all

2   matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value

3   of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall,

4   new section 1332(d) is intended to expand substantially federal court jurisdiction over class

5   actions. Its provisions should be read broadly . . . .").

6       26.    In determining whether the amount in controversy exceeds $5,000,000, the Court

7   must presume Plaintiff will prevail on each and every one of his claims. *Chavez v. JPMorgan*

8   *Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) ("[T]he amount in controversy . . .

9   encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Angus v.*

10  *Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the

11  low end of an open-ended claim")). Moreover, the argument and facts set forth in the Complaint

12  may appropriately be considered in determining whether the jurisdictional amount in controversy

13  requirement is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing*

14  *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)); *see also Fuller v. Bloom Inst. of Tech.*,

15  2023 U.S. Dist. LEXIS 203185, at *11 (N.D. Cal. Nov. 13, 2023) ("[T]he defendant's showing on

16  the amount in controversy may rely on reasonable assumptions . . . [a]n assumption may be

17  reasonable if it is founded on the allegations of the complaint." (internal quotations omitted) (citing

18  *Arias v. Residence Inn*, 936 F.3d 920, 922, 925 (9th Cir. 2019)).

19      27.    Notably, "[t]here is no obligation by defendant to support removal with production

20  of extensive business records to prove or disprove liability and/or damages with respect to plaintiff

21  or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz*

22  *v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007). Rather,

23  a defendant seeking removal must prove by a preponderance of the evidence that the aggregate

24  amount in controversy exceeds the jurisdictional minimum. *Rodriguez v. AT&T Mobility Servs.*

25  *Ltd. Liab. Co.*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a

26  defendant to establish the amount in controversy is the preponderance of the evidence standard").

27

28

NOTICE OF REMOVAL - 7
(Case No. )

28.    In *Dart Cherokee Basin Operating Company, LLC v. Owens*, the United States Supreme Court held that where, as here, the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold."    135 S. Ct. 547, 554 (2014) (emphasis added).    Further, "'[n]o "antiremoval presumption attends cases invoking CAFA' because 'Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court.'" *Adams v. Toys 'R' US – Delaware, Inc.*, 2015 U.S. Dist. LEXIS 11338, at *5-6 (N.D. Cal. Jan. 29, 2015) *quoting Dart*, 135 S. Ct. at 554.

29.    Moreover, if a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise.  *See Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *12-13 (E.D. Cal. Apr. 30, 2007) ("As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.") (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Arreola v. The Finish Line*, No. 14- CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

30.    The gravamen of Plaintiff's Complaint is: (a) that from January 1, 2023, to the present, Plaintiff and the members of the putative class applied for job openings with Defendant

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

in response to job postings that did not disclose the wage scale or salary range in violation of the EPOA (specifically, RCW 49.58.110); and (b) that as a result of Defendant's failure to disclose the wage scale or salary range as part of their job postings, Plaintiff and the members of the putative Class are entitled to the greater of statutory damages of $5,000 or actual damages.  *See* Nohle Decl., **Ex. A** at ¶¶ 49-54.

31.    As provided in Jeffrey Fazi's Declaration submitted herewith:

> . . . since January 1, 2023, **at least one thousand individuals** have applied for jobs in the State of Washington with Spirit Halloween.

*See* Fazi Decl. at ¶7 (emphasis added).

32.    As provided in the Complaint:

> Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

*See* Nohle Decl., **Ex. A** at ¶ 39.

33.    Thus, and without admitting that Plaintiff could recover any damages whatsoever, a plausible reading of the cause of action alleged in the Complaint estimates that a minimum aggregate amount in controversy exceeds $5,000,000 in statutory damages alone, exclusive of attorneys' fees, interest, and costs (i.e., minimum statutory damages of $5,000 per applicant, multiplied by the "at least one thousand" applicants during the Class Period).

34.    In short, making reasonable assumptions based on the allegations in Complaint, the potential exposure on the cause of action well exceeds the CAFA statutory requirement of $5,000,000 in controversy.

35.    Plaintiff also seeks an unspecified amount of attorneys' fees in his Complaint, which the Court should consider and include in the amount in controversy.  *See* Nohle Decl. **Ex. A** at ¶ 57.  *See, e.g., Goldberg v. CPC Int'l, Inc.* 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (1982); *Galt G/S v. JSS Scandinavia* 142 F.3d 1150, 1155-56 (9th Cir. 1998). Attorneys' fee awards in Washington pay transparency class actions can easily total several hundred thousands of dollars or more.  Moreover, the Ninth Circuit recently concluded "that the

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Lucas v. Michael Kors (USA) Inc.*, No. CV 18-1608-MWF (MRWx), 2018 U.S. Dist. LEXIS 78510, at *32 (C.D. Cal. May 9, 2018) ("unaccrued post-removal attorneys' fees can be factored into the amount in controversy.").

36.    "Courts in this circuit have held that, for purposes of calculating the amount in controversy in a pay transparency class action, removing Defendant can reasonably assume that plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages." *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 U.S. Dist. LEXIS 275, at *23 (N.D. Cal. Jan. 2, 2014); *see also Herrera v. Carmax Auto Superstores Cal.*, LLC, No. EDCV-14-776-MWF (VBKx), 2014 U.S. Dist. LEXIS 188729, at *12 (C.D. Cal. June 12, 2014) ("Substantial authority supports a 'benchmark' 25 percent attorneys' fees figure to be added to any claim for which attorneys' fees are available."); *Hamilton v. Wal-Mart Stores, Inc.*, No. ED CV 17-01415-AB (KKx), 2017 U.S. Dist. LEXIS 162856, at *16 (C.D. Cal. Sep. 29, 2017) ("The Ninth Circuit has allowed an estimate fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA."); *Gutierrez v. Stericycle, Inc.*, No. LA CV15-08187 JAK (JEMx), 2017 U.S. Dist. LEXIS 20975, at *51 (C.D. Cal. Feb. 14, 2017) ("it is appropriate to include in the calculation of the amount in controversy a potential fee award of 25% of the value of certain of the substantive claims.").

37.    The Court should therefore also consider attorneys' fees of at least $1,250,000, based on the aggregate amount in controversy calculated in Paragraph 33 above. *See, e.g., Oda v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *11-13 (C.D. Cal. 2015) (finding the defendant's assumptions regarding attorneys' fees to be "reasonable" on removal where the defendant stated

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  "Plaintiffs would recover a 25 percent fee" totaling "$1,329,245," based on "the amount in
2  controversy before attorneys' fees" of "$5,316,978").

3      38.    Thus, for the reasons discussed above, and without conceding or admitting to the
4  underlying merit of Plaintiff's claims, or whether Plaintiff's claims are amenable to class
5  treatment, it is plausible that the aggregate amount in controversy in connection with Plaintiff's
6  putative class claims surpasses the $5,000,000 jurisdictional threshold required under CAFA based
7  on the cause of action alleging violation of RCW 49.58.110.

8      39.    Based on the foregoing, Defendant hereby respectfully removes the above-
9  captioned action from the King County Superior Court to this Court based on CAFA requirements
10  (28 U.S.C. §§ 1332(d), 1441, 1446 and 1453), and respectfully requests that this Court retain
11  jurisdiction for all further proceedings.

12      DATED this 9ᵗʰ day of October, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.

By:    _s/ Peter H. Nohle_____
Peter H. Nohle, WSBA #35849
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone (206) 626-6436
Peter.Nohle@jacksonlewis.com

Counsel for Defendant Spirit Halloween
Superstores, LLC

NOTICE OF REMOVAL - 11
(Case No. )

1

### DECLARATION OF SERVICE

2    The undersigned declares under penalty of perjury under the laws of the United States of

3  America that a true and accurate copy of the document to which this declaration is affixed was

4  electronically filed with the Clerk of the Court using the CM/ECF System, and sent to the

5  following:

6

7  Timothy W. Emery, WSBA #34078          ☒ via CM/ECF System
   emeryt@emeryreddy.com                  ☒ via Electronic Mail
8  Patrick B. Reddy, WSBA #34092
   reddyp@emeryreddy.com                  ☐ via USPS Mail
9  Paul Cipriani, WSBA #59991             ☐ via Federal Express
   paul@emeryreddy.com
10 Emery Reddy, PLLC                      ☐ via Hand-delivery
   600 Stewart Street, Suite 1100         ☐ Other: _____
11 Seattle, WA 98101
   Telephone (206) 442-9106
12

13 Counsel for Plaintiff

14 *With courtesy copies to*:

15 Cailey Afualo: cailey@emeryreddy.com
16 Alec Mikesell: alec@emeryreddy.com
   Stephen Beer: stephen@emeryreddy.com
17 Calum Bryant: calum@emeryreddy.com
   Jennifer Chong: jennifer@emeryreddy.com
18

19    DATED this 9th day of October, 2024.

20

21

22  _____
    Tanya Stewart
23

24

25

26

27

28

NOTICE OF REMOVAL - 12
(Case No. )