UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY HILL,

          Plaintiff,

  v.

SPIRIT HALLOWEEN
SUPERSTORES LLC, et al.

          Defendants.

C24-1644 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff Jeffrey Hill's motion to remand, docket no. 11. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

Plaintiff filed this putative class action in King County Superior Court alleging that Defendant Spirit Halloween Superstores LLC violated the pay transparency requirements of Washington's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58, by failing to include wage and salary information in its job postings. Compl. at ¶ 10

ORDER - 1

1  (docket no. 1-1). Spirit Halloween removed the case to this Court, asserting that the Court

2  has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act

3  of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). Notice of Removal (docket no. 1). Plaintiff

4  seeks remand, arguing that Spirit Halloween failed to show that Plaintiff suffered an

5  injury or harm sufficient to establish Article III standing, that Spirit Halloween failed to

6  establish CAFA jurisdiction, and that the state law issues are best adjudicated in state

7  court. Mot. (docket no. 11 at 4–11).

8          In a putative class action case, Article III standing is "the threshold issue." *Lierboe*

9  *v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). To establish

10 Article III standing, a plaintiff must allege that he suffered an injury that is "concrete,

11 particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423

12 (2021). If a plaintiff lacks Article III standing, the Court does not have subject matter

13 jurisdiction over the case. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Without subject

14 matter jurisdiction, the Court "need never reach the class action issue." *Lierboe*, 350 F.3d

15 at 1022.

16         Courts in this district have repeatedly found that plaintiffs who alleged statutory

17 violations of the EPOA similar to or the same as those alleged by Plaintiff lacked

18 Article III standing and, as a result, granted remand. In *Perry v. Boeing Co.*, 2024 WL

19 4867023 (W.D. Wash. Nov. 22, 2024), the court held that wasted time and an inability to

20 evaluate the pay offered by the defendant or compare the pay to the wages associated

21 with other job opportunities do not constitute concrete injuries. *Id.* at *2 (citing cases in

22 which the complaints contained allegations similar or identical to those in the complaint

23

ORDER - 2

in this case and granting remand). Similarly, in *Spencer v. Total Renal Care, Inc.*, 2024 WL 4834901 (W.D. Wash. Nov. 20, 2024), the court concluded that an allegation of lost time "has already been identified by this Court as insufficient to establish Article III standing" and that additional allegations made in the complaint, including a conclusory allegation that the plaintiff was qualified to perform the position for which he applied, are not sufficient to demonstrate Article III standing. *Id.* at *3; *see also Kent v. HCL Tech. Ltd.*, 2024 WL 4825383, at *3 (W.D. Wash. Nov. 19, 2024) (also finding that claims regarding qualifications are not sufficient to allege a concrete and particularized injury).

    The Court cannot ignore the weight of growing authority.[1] The allegations of the complaint in this case are nearly identical to those found in *Perry*, *Spencer*, and *Kent*. The Court agrees with Plaintiff that his allegations fail to establish a concrete and particularized injury sufficient to give rise to Article III standing. Without standing, the Court lacks subject matter jurisdiction and need not address Plaintiff's additional arguments in support of granting remand.

**Conclusion**

    For the foregoing reasons, the Court ORDERS:

    (1)    Plaintiff's motion to remand, docket no. 11, is GRANTED.

---

[1] Spirit Halloween's argument that this Court has Article III standing based on recent rulings in *Moquete v. GNC Holdings, LLC*, 2024 WL 4553690 (W.D. Wash. Oct. 23, 2024), and *Hein v. Crash Champions, LLC*, 2024 U.S. Dist. LEXIS 193775 (W.D. Wash. Oct. 24, 2024), is unavailing. *See* Def.'s Response (docket no. 16). *Moquete* is distinguishable. The *Moquete* Court denied remand because plaintiff "applied for and obtained a position" with the defendant, thereby establishing injury in fact. *Moquete*, 2024 WL 4553690, at *2. In this case, Plaintiff did not allege a successful application with Spirit Halloween. In *Hein*, the plaintiff's motion to remand was actually granted. *See Hein v. Crash Champions, LLC*, 2024 WL 5039900, at *2 (W.D. Wash. Dec. 9, 2024).

ORDER - 3

(2)     This matter is REMANDED to King County Superior Court effective fourteen (14) days from the date of this Order.

(3)     The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 16th day of December, 2024.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER - 4